**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:21-CV-161-DJH**

KENNETH WALKER, III,

      Plaintiff,

v.                                                                Case NO. 3:21-CV-16-DJH

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, *et al.*

      Defendants.

---

**DEFENDANT HANKISON'S MEMORANDUM IN SUPPORT OF**
**HANKISON'S MOTION TO DISMISS PARALLEL FEDERAL ACTION**
**AND ALTERNATIVE MOTION TO STAY**

---

      Comes the Defendant, Brett Hankison, by counsel, pursuant to *Fed.R.Civ.P.*12 and LR 7.1 and hereby states as follows for Hankison's Memorandum in Support of Hankison's Motion to Dismiss this case that is parallel to a previously filed state court action by Plaintiff, against many of the same Defendants, that remains pending in Jefferson Circuit Court.

## INTRODUCTION

      This case presents a classic example of a repetitive lawsuit,[1] and one of those exceptional circumstances where a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court as contemplated by the Supreme Court in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976).

      On September 1, 2020 Plaintiff, the former boyfriend of the late Breonna Taylor, initiated a suit in state court in Kentucky regarding the identical set of facts and circumstances that give rise

---

[1] Michael M. Wilson, *Federal Stays after Colorado River*, 44 Chi. L. Rev. 641, 643, n.4 (1977).

to the instant matter.  Plaintiff expressly disclaimed all federal claims in the first suit he filed and thereby prevented removal of that matter to federal court.  Plaintiff then elected to file this repetitive suit in this Court on March 12, 2021 against many of the same Defendants.  This Court should decline to exercise jurisdiction over this case out of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  *Romine v. Compuserve Corp.*, 160 F.3d 337, 338 (6th Cir. 1998) (quoting  *Colorado River*, at 817 (1976) (change in original)).

The state court action was brought first, more than six months before this case, and the dismissal of this repetitive suit will avoid potentially inconsistent and clearly inefficient piecemeal litigation.  Plaintiff's chosen state court forum provides adequate protection of the respective rights of the various parties and this Court is faced with a circumstance where it should decline to exercise the jurisdiction with which it is vested.

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in Jefferson County, Kentucky, Circuit Court on September 1, 2020.  *Pl.'s State Court Compl.* (attached hereto as **EXHIBIT "A"**).  Plaintiff subsequently filed amendments to his Complaint on October 20, 2020 and March 9, 2021 respectively.  *Pl.'s State Court 1st and 2d Am. Compl.* (attached hereto collectively as **EXHIBIT "B"**).  The state court has already entered orders addressing three dispositive motions, and many more remain pending.  *Op. & Order Re: Motions to Dismiss of Defs. Wine, Cameron, LAGIT, and Louisville Metro.* (collectively attached as **EXHIBIT "C"**); *Motions to Dismiss filed by Defs. (1) Mattingly and Cosgrove; (2) Jaynes; (3) Fischer, O'Connel, and Conrad; (4) Chief Erika Shields; (5) Mattingly and Cosgrove Separate MTD 2d Am. Compl.; and, (6) Jaynes's Separate MTD 2d Am. Compl.* (1st page of each collectively attached hereto as **EXHIBIT "D"**).  Defendant

Louisville/Jefferson County Metropolitan Government has filed a notice of interlocutory appeal and Plaintiff has filed a motion to have said appeal transferred to the Kentucky Supreme Court. *1st page of Notice of Appeal* and *Mot. to Transfer* (attached hereto as **EXHIBIT "E"**).

Plaintiff, electing to split his causes of action, subsequently filed this separate case here in federal court over six months after he first filed his case in state court.  [DN 1].

## LAW & ARGUMENT

The United States Supreme Court provides the controlling guidance for the resolution of situations such as presented here that involve repetitious federal actions that duplicate previously filed, and still pending, related state court suits.  There are exceptional times when the "'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,'" properly yields to "considerations of judicial economy and federal-state comity." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).  These considerations "may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339. The Supreme Court "explained, the principles underlying this doctrine 'rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id*. (quoting *Colorado River*, 424 U.S. at 817 (internal quotation omitted)).  The purpose of the *Colorado River* doctrine is "to avoid duplicative litigation." *Id.*

> When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 28 (1983).  In the present case there is no reasonable basis to argue that substantial doubt exists as to the adequacy of the forum Plaintiff first chose to bring his action to redress the alleged wrongs Plaintiff avers in this separate, duplicative suit.  "Only the 'clearest of justifications' will support abstention." *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013) (quoting *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002)).  The clarity of the justification for abstention in the present matter is striking.  Prior to getting to the applicable doctrine, however, a threshold question must first be answered.

"Before the *Colorado River* doctrine can be applied, [this] [C]ourt must first determine that the concurrent state and federal actions are actually parallel."  *Romine*, 160 F.3d at 339 (citing *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28 (6th Cir. 1984).  "'[E]xact parallelism" is not required; [i]t is enough if the two proceedings are substantially similar.'"  *Romine*, 160 F.3d at 340 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989)); and citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir.1985) (changes in original)).  The Sixth Circuit "has never held that only a perfect, or even near-perfect, symmetry of parties and causes of action would satisfy this requirement." *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017).  If "the parities are substantially similar," and "the claims raised in both suits are predicated on the same allegations as to the same material facts," then the two suits "will come close enough to count as parallel." *Id.* (quoting *Romine*, 160 F.3d at 340).

Here there can be no doubt that the older, state court action and the instant matter are parallel.  The identity of the plaintiff in both actions is the same.  *See Am. Compl.* in *Walker v. Commonwealth of Ky. et al*, Jefferson Circuit Civil Action No. 20-CI-005086 (attached hereto as

**EXHIBIT "A"**); *Compare* [DN 1].   While there is not complete uniformity between the Defendants named in both the federal and state actions, the bulk of the Defendants are the same. **EX. A;** Compare [DN 1].   Further, "the argument that abstention is inappropriate because the federal cause of action included parties not present in the state proceedings 'is not relevant to *Colorado River* abstention.'" *Romine*, 160 F.3d at 340 (quoting *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).   The Court should therefore perform an analysis under the rubric enunciated in *Colorado River, supra*. *Id*.

Additionally, the state court action and this case present similar issues to be decided that arise out of the precise same set of facts.  **EX. A;** Compare [DN 1].   Plaintiff alleges in the state court matter claims for, *inter alia*, assault, battery, false arrest and imprisonment, malicious prosecution, general negligence, and supervisory negligence.  **EX. A**, pp.34-41.   In this matter Plaintiff alleges similar federal causes of action of excessive force, unreasonable search and municipal liability pursuant to *Monell*.  [DN 1], pp. 26- 36.   The adjudication of the claims in one of the two suits will clearly implicate some of the claims averred in the other.   The reasonableness of the force employed under the circumstances, existence of probable cause and the actions of supervisors and final decision makers will be relevant and hotly debated in both actions.   The two matters are parallel, and the Court should move to addressing the issue of abstention under analysis promulgated in *Colorado River*, and *Moses H. Cone supra*.

### PRECEDENT FAVORS ABSTENTION

Once the Court has determined that the two cases are indeed parallel, the analysis next turns to eight (8) factors to be considered in order to determine the propriety of abstention, which are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the

> parties; (3) avoidance of piecemeal litigation ... (4) the order in
> which jurisdiction was obtained ... (5) whether the source of
> governing law is state or federal ... (6) the adequacy of the state court
> action to protect the federal plaintiff's rights ... (7) the relative
> progress of the state and federal proceedings ... and (8) the presence
> or absence of concurrent jurisdiction ...

*Romine*, 160 F.3d at 340–41; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In the instant matter, the state court has not assumed jurisdiction over any property and the federal forum is not in a less convenient location for the parties, so the first two factors of the analysis do not weigh in favor of abstention. *VanArsdale*, 676 F. App'x at 393. The remaining factors, including the most heavily weighted, or "paramount" factor of avoiding piecemeal litigation weigh in favor of abstention. *Id.* at 395.

Avoidance of piecemeal litigation, the third element, is the most significant factor to be considered by the Court when determining whether to abstain from exercising jurisdiction over a repetitious suit such as the instant matter. *VanArsdale*, 676 F. App'x at 395.

> In *Moses H. Cone*, the Supreme Court noted "the consideration that
> was paramount in Colorado River itself—the danger of piecemeal
> litigation." 460 U.S. at 19, 103 S.Ct. 927. Piecemeal litigation
> occurs when different courts adjudicate the identical issue, thereby
> duplicating judicial effort and potentially rendering conflicting
> results.

*Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir.1989).

Permitting this case to proceed both here and in the senior state court action would have the parties addressing and potentially resolving many of the same issues (e.g. the existence of probable cause of the arrest or the reasonableness of the use of force) twice in two different forums. The potential for inconsistent results and the inefficiency of such an unorganized, unsystemic

approach to litigation is the very purpose underlying the *Colorado River* doctrine.  *Colorado River*, 424 U.S. at 817.

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

*Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691 (7th Cir.1985).

It is simply elementary that the concurrent litigation of both the senior state court action and the instant matter will embody the definition of the type of piecemeal litigation that *Colorado River* was designed to prevent.  *Id.*; *Colorado River*, 424 U.S. at 817.

Next, factor number four, "the order in which jurisdiction was obtained," weighs in favor of abstention here.  *Romine*, 160 F.3d at 340–41.  Plaintiff filed the senior state court action on September 1, 2020, or over six months before Plaintiff filed this case.  **EX. A**; [DN 1].  The state court acquired jurisdiction over half a year prior to this Court, and that fact weighs against this Court exercising jurisdiction over this matter.  *Romine*, 160 F.3d at 340–41.

The fifth factor to be considered here is the source of the law governing Plaintiff's claims, and under the facts presented by this case said factor implicates factor number eight (8) (the presence of concurrent jurisdiction).  *Id.*  The law governing Plaintiff's claims in this case would appear to be mostly, if not entirely, federal, [DN 1], and at first blush this may seem to weigh against abstention.  *Id.*  "However, the Court in Moses H. Cone also noted that "the source-of-law factor has less significance ... [where] the federal courts' jurisdiction to enforce [the ... rights in question] is concurrent with that of the state courts."  *Romine*, 160 F.3d at 342 (quoting *Moses H. Cone*, 460 U.S. at 25) (changes in original) (first omission in original) (second omission added).

The Jefferson Circuit Court where Plaintiff filed his first action has concurrent jurisdiction to hear the claims Plaintiff parsed out to bring in this separate matter. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981) ("state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."); *Haywood v. Drown*, 556 U.S. 729 (2009). The state court's concurrent jurisdiction over Plaintiff's claims here equates to the source of law factor simply having much less significance than it otherwise would. *Romine*, 160 F.3d at 342; *Moses H. Cone*, 460 U.S. at 25. The presence of concurrent jurisdiction in state court over Plaintiff's claims in the instant matter weighs in favor of abstention. *Romine*, 160 F.3d at 342.

Next, the sixth factor to be considered is the adequacy of the state court action to protect the federal plaintiff's rights. *Romine*, 160 F.3d at 340–41. There is nothing Plaintiff's rights cannot be adequately protected in the senior state court action and this factor weighs in favor of abstention. *Id*.

Finally, the seventh factor, the relative progress of the parallel proceedings here weighs in favor of abstention. As mentioned, Plaintiff filed the senior state court matter on September 1, 2020, or over eight (8) months ago. During the previous eight months in the state court action Plaintiff has filed three separate versions of his Complaint, six motions to dismiss have already been submitted to the court with multiple additional dispositive motions having recently been filed, written discovery has occurred to some extent, and depositions have been scheduled. **EX. B; EX. C; EX. D**. Further, one of the defendants in both the state court action and the instant matter has filed a notice of interlocutory appeal, which Plaintiff has moved to have transferred to the Kentucky Supreme Court. **EX. E**. Contrasting the progress of the instant matter where the

pleadings have yet to even close and it is clear that the seventh factor of the analysis weighs in favor of abstention. *Romine*, 160 F.3d at 340–41.

## CONCLUSION

Based upon the precedent set forth in *Colorado River* and its progeny this Court may properly abstain from exercising the jurisdiction given to it over the instant matter. The considerations of judicial economy and the importance of avoiding piecemeal litigation outweigh the obligation this Court has to retain jurisdiction.

Respectfully submitted,

/s/ Carol S. Petitt
Carol S. Petitt
Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
cpetitt@vplegalgroup.com
kvaughn@vplegalgroup.com
COUNSEL FOR DEFENDANT HANKISON

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 30th day of April 2021 served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

Frederick W. Moore, III
H. Philip Grossman
Abigale Rhodes Green
GROSSMAN GREEN PLLC
2000 Warrington Way, Suite 170
Louisville, KY 40222
fmoore@grossmangreen.com
pgrossman@grossmangreen.com
agreen@grossmangreen.com

Donald B. Verrilli, Jr.*

Ruby J. Garrett*
Dahlia Mignouna*
Brendan B. Gants*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, DC 20001
donald.verrilli@mto.com
ruby.garrett@mto.com
dahlia.mignouna@mto.com
brendan.gants@mto.com

Jacob S. Kreilkamp*
Robyn K. Bacon*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue
50th Floor
Los Angeles, California 90071
jacob.kreilkamp@mto.com
robyn.bacon@mto.com

Steven R. Romines
ROMINES WEIS & YOUNG PSC
600 West Main Street, Suite 100
Louisville, Kentucky
sromines@rominesweisyoung.com

Kevin C. Burke
Jamie K. Neal
BURKE NEAL PLLC
2200 Dundee Road, Suite C
Louisville, Kentucky 40205
kevin@burkeneal.com
jamie@burkeneal.com

/s/ Carol S. Petitt
VAUGHN PETITT LEGAL GROUP, PLLC