UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| KENNETH WALKER, III,<br>      PLAINTIFF | )<br>)<br>) |
| vs. | )    Civil Action No. 3:21-CV-161-DJH<br>) |
| LOUISVILLE/JEFFERSON COUNTY<br>METRO GOVERNMENT, et al.<br>      DEFENDANTS | )<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF
LOUISVILLE METRO GOVERNMENT, HOOVER, JAMES, NOBLES, CAMPBELL,
HUCKLEBERRY, PHAN, GOODLETT AND BURBRINK**
(*electronically filed*)

Come now Defendants, Louisville/Jefferson County Metro Government ("Metro"), Lieutenant Shawn Hoover, Detective Tony James, Detective Michael Nobles, Officer Michael Campbell, Lieutenant Jerry Huckleberry, Sergeant Luke Phan, Detective Kelly Goodlett and Major Kimberly Burbrink ("Defendant Officers") (collectively "Defendants"), by and through counsel, pursuant to Fed. R. Civ. P 12, and respectfully request that their Motion to Dismiss or, in the Alternative, Abstain, be granted for the reasons below:

**BACKGROUND**

Plaintiff Kenneth Walker III filed a Complaint against Defendants in Jefferson Circuit Court on September 1, 2020 alleging assault, battery, false arrest/imprisonment, malicious prosecution, abuse of process, excessive force, negligence per se, general negligence, supervisory negligence, outrage/intentional infliction of emotional distress, and several immunity claims against Defendants, all stemming from and related to events that occurred in the early morning of March 13, 2020 at 3003 Springfield Drive. Pl's State Court Complaint (attached as **Exhibit 'A'**).

Plaintiff amended this Complaint on October 20, 2020 and filed a Second Amended

Complaint on March 9, 2021. Both amended complaints add facts, claims and/or defendants related to and stemming from the March 13, 2020 events. Pl's State Court 1st and 2nd Am. Compl. (attached collectively as **Exhibit 'B'**).

Since the filing of the original Complaint on September 1, 2020, there have been several dozen pleadings exchanged between the multiple parties, several orders have been entered and discovery has been initiated. Depositions have been scheduled to begin this month. Moreover, Defendant Metro has filed a notice of interlocutory appeal based upon sovereign immunity and Plaintiff has filed a motion to have said appeal transferred to the Kentucky Supreme Court. Pl's Motion to Transfer (attached as **Exhibit 'C'**). Presently, the parties are awaiting rulings in the state court concerning the viability of the claims in Plaintiff's Second Amended Complaint.

On March 15, 2021, six months after initiating the action in state court and shortly after amending his complaint a second time, Plaintiff decided to increase his odds and unnecessarily burden Defendants by splitting his causes of actions. Instead of including his federal claims in his two amended state court complaints, Plaintiff filed this separate case, alleging multiple §1983 violations for unlawful search, excessive force, and municipal liability under *Monell* arising from the same March 13, 2020 events. These claims were made against the same party Defendants identified in Plaintiff's state Complaint.

In order to effectively operate, Courts are given broad discretion in the management of their cases with respect to fairness, efficiency and based upon the equitable premise that a plaintiff has one opportunity to seek redress for alleged wrongs against a defendant. These principles are espoused in numerous doctrines barring claim splitting and forum shopping. In fact, Kentucky specifically has an ancillary rule to *res judicata* forbidding claim-splitting which prevents such tactics to file duplicative actions and forum shopping in two courts for multiple rulings in the same

case. Accordingly, Defendants move to dismiss Plaintiff's federal cause of action under Fed. R. Civ. P. 12(b)(1) or (6), as Plaintiff was required to allege his entire claim against Defendants in a single action. Alternatively, Defendants maintain that abstention under *Younger* or *Colorado River* is appropriate pending resolution of the underlying state action. Finally, even if Plaintiff could bring this action again in Federal Court while the state action is pending, Defendants are entitled to qualified immunity and should be dismissed.

## STANDARD OF REVIEW

A motion under 12(b)(1) can either attack subject matter jurisdiction on its face or contest the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Defendants acknowledge that federal courts have subject matter jurisdiction over §1983 claims, however, Defendants argue that this Court should not exercise jurisdiction due to the duplicative, parallel state court proceedings. When the factual basis for jurisdiction is under attack, "the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Id*.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint where it fails "to state a claim upon which relief can be granted." "[T]o survive a 12(b)(6) motion, a complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 6 478, 488 (6th Cir. 2009) (internal quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must allege facts

stating a claim to relief that is "plausible on its face." *Id.*; *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In this case, even when one accepts all factual allegations as true, Walker has failed to state a plausible claim upon which relief may be granted.

Thus, dismissal is proper because relief from this Court is not available to Plaintiff as a matter of law and equity and the individual Defendants are entitled to qualified immunity. Alternatively, this Court should abstain from reviewing Plaintiff's cause of action while state court proceedings are pending and then allow Defendants the opportunity to revisit the viability, if any, of the Plaintiff's present federal action.

## ARGUMENT

### I. Plaintiff's Complaint Should be Dismissed for Improper Claim-Splitting.

It is a fundamental principle in the judicial system that a plaintiff only gets one bite at the apple. This concept is reinforced by a plethora of legal doctrines such as double jeopardy, res judicata, and collateral estoppel created for the sole purpose of preventing abuse of the litigation process and to promote fairness. A defendant should have the right to rely upon the rulings of a court and not be subjected to the expense and burden of multiple lawsuits involving the same facts. In conjunction with these doctrines is the equitable principle that a federal court should abstain from exercising its jurisdiction if there is a substantially similar lawsuit pending in state court involving state law issues. Abstention in these circumstances promotes comity and avoids piecemeal litigation.

In this case, Walker has split his cause of action between two forums in a clear attempt to

hedge his bets on which court may elicit a more favorable result. Sixth months after filing this lawsuit in Jefferson Circuit Court, Walker filed this suit against the same defendants. Both cases arise from the same facts and circumstances related to the events that occurred on March 12th and 13th, 2020 at 3003 Springfield Drive, Apartment #4, in Louisville, Kentucky. The overlap between this case and the senior action in state court, in terms of the facts and evidence to be discovered, will be substantial, if not identical. Both cases involve the same Plaintiff, the same Defendants, the same written discovery and same depositions as they are predicated on the same exact facts. As stated above, each claim filed in this suit could have been brought in the initial action (or vice versa), but Walker strategically chose to split his cause of action – to forum shop for the most advantageous verdict -- a tactic which drains resources, creates unnecessary conflict and challenges the foundation of judicial principles. Allowing Plaintiff to proceed would set a miserable precedent, encouraging two lawsuits for every one, wasting resources and causing inconsistent results.

This Court has the authority to dismiss Plaintiff's federal Complaint under these precise circumstances. *Blasingame*, 817 F. App'x at 146-147 (holding a district court may dismiss a subsequent suit as barred by claim-splitting); *Waad*, 762 F. App'x at 260 (holding that district courts have broad discretion in managing their own dockets and may dismiss duplicative suits). The harm caused by splitting claims across multiple forums, creating duplicate and vexatious litigation, and unnecessarily draining scarce judicial resources is highly disfavored by federal courts. *See Blasingame*, 817 F. App'x at 146-147; *see also Waad*, 762 F. App'x at 260. This Court should exercise its authority to prevent this harm and abuse of the system by dismissing Plaintiff's Complaint. *Blasingame*, 817 F. App'x at 146-147 (holding "the district court was within its discretion to dismiss the action because [Plaintiff] engaged in impermissible claim-splitting").

## II.     Kentucky's Preclusion Law Prohibiting Claim-Splitting Should be given Deference.

When determining whether to preclude duplicative claims, Federal courts have consistently looked to the state's preclusion laws for guidance. *See McKinley v. City of Mansfield,* 404 F.3d 418 (6th Cir. 2005) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). This is consistent with 28 U.S.C. §1738, the Full Faith and Credit statute which "requires federal courts in a §1983 action to give state-court judgments the same preclusive effect those judgments would have in the rendering state's courts." *Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). Specifically, with respect to Kentucky law, this Court, in *Morris v. City of Shepherdsville*, ruled that Kentucky's law of *res judicata* must be given deference when determining whether to give preclusive effect to a Kentucky court's judgment. No. CIV.A. 08-374-C, 2009 WL 577259, at *2 (W.D. Ky. Mar. 5, 2009). Thus, Kentucky's law prohibiting claim-splitting provides yet another basis for dismissal of this action.

It is well-settled in Kentucky that, as a matter of law, a plaintiff is barred from splitting his causes of actions. *Coomer v. CSX Transp.*, Inc. 319 S.W.3d 366, 371 (Ky. 2010). The prohibition of claim-splitting is an equitable rule that requires a plaintiff to join all claims arising from the same set of facts in a single proceeding and prohibits the splitting of claims across multiple fora. *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) (citing the Restatement of Judgments (Second) §24 (1982)). The rule limits all claims arising out of a single transaction to a single procedure, and "rests upon the concept that 'parties are required to bring forward their whole case' and may not try it piecemeal." *Id.* (quoting *Arnold v. K-Mart Corp.*, 747 S.W.2d 130, 132 (Ky.App.1988).

The purpose of the rule against claim-splitting is to conserve scarce judicial resources,

prevent inconsistent judgments, protect the public from the cost of multiple litigations, and reduce vexatious litigation. *See* 50 C.J.S. Judgments § 976; *see also* 1 Am. Jur. 2d Actions § 99. For over 100 years, Kentucky courts have recognized that purpose, and refused to allow a Plaintiff "to split the entire cause of action into many causes of actions, and to harass the defendant with a separate action on each." *Pilcher v. Ligon*, 91 Ky. 228, 15 S.W. 513 (1891); *see also Arnold v. Patterson*, 229 S.W.3d 923, 925 (Ky. Ct. App. 2007) (stating that "piecemeal litigation and splitting of causes of actions are highly disfavored"); *see also Ellis*, 390 F.3d at 479 (holding that a plaintiff cannot split claims across multiple fora). As Kentucky law prohibiting claim-splitting is entitled to deference, this case should be dismissed.

For the reasons listed above, Defendants request this Court to dismiss Plaintiff's federal action and require Plaintiff to litigate his action in the forum he chose.

### III. Alternatively, this Court Should Abstain.

Should this Court allow Plaintiff to spit his cause of action between the state and federal courts, abstention is appropriate pending the resolution of the parallel, state proceeding under the doctrines of *Younger* or *Colorado River*.

#### 1. The Court should abstain pursuant to the *Younger* Doctrine.

*Younger* abstention is a "common sense" doctrine created for the administration of a dual state-federal system of justice. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The basic premise of *Younger* abstention is that "when a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Id*. If a party in the pending state actions does file a parallel, federal action, "*Younger* abstention requires the federal court to defer to the state proceeding." *Id*. (quoting *Watts v. Burkhart,* 854 F.2d

839, 844–48 (6th Cir.1988); *see also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy.").

Under *Younger*, a court may abstain if three conditions exist: "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees,* 707 F.3d 699 (6th Cir. 2013) (citing *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003)). Each of these requirements are fulfilled in this action. First, there are state proceedings currently pending that involve claims based on the same alleged facts as the instant action. Second, federal courts recognize the supervision and malfeasance of law enforcement officers "unquestionably involves an interest of vital importance to state." *Murphy v. City of Manchester*, 70 F. Supp. 2d 62, 69-69 (D.N.H. 1999) (listing federal cases); see also *Morris*, 2009 WL 577259, at *5. Last, the state court provides the Plaintiff with an "adequate opportunity" to resolve his §1983 claims because federal constitutional claims can be raised in the state proceedings. *See Maine v. Thiboutot*, 448 U.S. 1, 11, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) (holding that 42 U.S.C. § 1983 actions may be brought in state court).

In fact, this action is the "textbook" case of when the *Younger* abstention applies. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (holding that where a state had concurrent jurisdiction over §1983 claims, it was a "textbook case for *Younger* abstention.") (emphasis added). Accordingly, "*Younger* abstention requires the federal court to defer to the state proceedings." *Coles*, 448 F.3d at 865.

### 2. This Court should abstain pursuant to the *Colorado River* Doctrine.

Under *Colorado River,* considerations of judicial economy and federal-state comity justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). The principles underlying this doctrine 'rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' *Id*. (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).

In deciding whether "the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel." *Id*. (citing *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28 (6th Cir. 1984)). The actions are considered parallel when the two proceedings are substantially similar; "exact parallelism is not required." *Id*. at 341 (citing *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir.1989)). Where the parties are substantially similar and the claims are predicated on the same allegations, the actions must be considered "parallel" for the purposes of the *Colorado River* abstention doctrine. *Id*. at 340.

In this action, the material facts are straightforward and overlap significantly, if not completely. Both cases center around the incident that occurred on March 12th and 13th, 2020 at 3003 Springfield Drive. All of Walker's claims – both federal and state- involve the same Plaintiff, the same police officers, the same apartment, the same warrant, and the same unfortunate series of events that led to the death of Ms. Taylor. Walker's cases indisputably arise from the same operative facts, and undoubtedly satisfy the first prong of the Court's *Colorado River* analysis.

If proceedings are parallel, the Sixth Circuit has instructed courts to consider eight factors when deciding whether to apply *Colorado River* abstention. These factors are:

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of

9

> piecemeal litigation; (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (citations removed); *Bates*, 122 F. App'x. at 807. "These factors, however, do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a given case' depending on the particular facts at hand." *Romine*, 160 F.3d at 341 (internal citations omitted).

In this case, the first two factors are neutral, as it does not appear that any res or property claims are at issue and the federal forum is not a less convenient location for the parties. As a result, the first two factors of the analysis "weigh marginally against abstention." *See Harding v. Apartment Inv. & Mgmt. Co.*, 2011 U.S. Dist. LEXIS 5557, at *11 (W.D. Ky. Jan. 20, 2011). The third *Colorado River* factor, the avoidance of piecemeal litigation, weighs heavily in favor of dismissing or staying this case. A desire to avoid piecemeal litigation was "the consideration that was paramount in Colorado River itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). When two courts adjudicate the same issue, they "duplicate judicial effort" and "potentially render conflicting results." *Romine*, 160 F.3d at 341. Walker initially chose to file suit in state court and has actively litigated those claims for more than eight months. He should not be allowed to shop for a new forum and also prosecute his claims in a second court. If both lawsuits move forward, it is certain that the same issues will be addressed by both courts, which could lead to inconsistent decisions. This important factor weighs heavily in favor of abstention.

The fourth *Colorado River* factor – the order in which jurisdiction was obtained – and the seventh factor – the relative progress of the state and federal proceedings – both weigh in favor of abstention. "[P]riority should not be measured exclusively by which complaint was filed first, but

10

rather in terms of how much progress has been made in the two actions." *Moses*, 460 U.S. at 21. Here, the state court proceeding was filed on September 1, 2020, over six months prior to Plaintiff filing suit in federal court. In the senior state case, most of the Defendants have filed and argued dispositive motions, and the court is in the midst of issuing ruling on those motions. In addition, the state court has ordered limited discovery. As the state court record reflects, there has been a considerable amount of activity in this case since it was filed eight months ago. It is undeniable that discovery will be voluminous and time intensive. The parties currently have eight deposition scheduled to take place within the next couple months and some written discovery has already occurred. This federal case, however, it in its initial stages, with only a complaint and recently filed dispositive motions pending before the Court. Thus, the state court obtained jurisdiction first and its proceedings have progressed further, both weighing in favor of abstention.

The fifth factor is whether the source of governing law is state or federal. The Court should also consider factor eight - the presence for concurrent jurisdiction - in this analysis. Under this factor, if concurrent jurisdiction exists, the court is more likely to abstain. The law governing Walker's claims in this case is clearly federal. (*See* Complaint, R. 1.) The state court, however, would have concurrent jurisdiction over Walker's Section 1983 claims brought in this matter. *See Felder v. Casey,* 108 S. Ct. 2302, 2307 (1988); *Patsy v. Board of Regents*, 457 U.S. 496, 506-07 (1982); *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980); *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980). Thus, the presence of concurrent jurisdiction weighs in favor of abstention.

The sixth factor analyzes "the adequacy of the state action to protect the federal plaintiff's rights." *Romine*, 160 F.3d at 341. "This factor concerns whether the state court can obtain personal jurisdiction over all of the important parties, hear all of the federal plaintiff's claims, and provide all of the requested relief." *Harding*, 2011 U.S. Dist. LEXIS 5557 at *15. The state court clearly

11

has personal jurisdiction over all the parties and Walker could have brought all of his federal claims in the initial, senior state action. There is no suggestion that Plaintiff's rights would not be protected in state court. This factor weighs in favor of abstaining. *See PaineWebber, Inc.*, 276 F.3d at 208 ("[T[he sixth factor . . . presents the strongest basis for abstaining, because the state court action is adequate to protect PaineWebber's interests.").

Based upon the Colorado River factors, abstention in this case is appropriate. Five of the eight favors support abstention. Walker's subsequent federal law claims could have been brought in the state court case and vice versa. Nonetheless, Plaintiff decided to file separate suits for one of two reasons: (1) he wanted two bites at the apple, so he split his cause of action to take discovery twice, or (2) he did not want this initial suit to be removed to federal court, which suggests forum shopping. Either way – Plaintiff's tactical decision to file two separate and nearly identical suits should not expose Defendants to the burden of participating in piecemeal litigation. Accordingly, Defendants request that the Court dismiss this case or stay it until the state court action is resolved.

## IV.     Individual Defendants are Entitled to Qualified Immunity.

Plaintiff's claims against the individual Defendants are brought under 42 U.S.C. § 1983, a statute which "does not create substantive rights but, rather, 'provides a remedy for deprivations of rights secured by the Constitution and laws of the United States....' " *Lane v. Pulaski Cty., Ky.*, 2014 WL 996293, at *3 (E.D. Ky. Mar. 13, 2014) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982)). To recover under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or by federal law. *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011).

When a person sues a government official for such a constitutional deprivation under Section 1983, that government official is entitled to special protections. The most significant

protection is qualified immunity which "shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the defense of qualified immunity, the burden rests with the plaintiff to prove that the defendant cannot avail himself of it. *Hoover v. Walsh*, 682 F.3d 481, 492 (6th Cir. 2012) (citing *Silberstein v. City of Dayton,* 440 F.3d 306, 311 (6th Cir. 2006)). To do so, the plaintiff must show that "(1) the defendant violated his constitutional or statutory rights and (2) the right at issue was sufficiently clear that a reasonable official would have understood that what he was doing violated that right." *Bouggess v. Mattingly*, 482 F.3d 886, 887 (6th Cir. 2007) (citing *Baranski v. Fifteen Unknown Agents of the BATF*, 452 F.3d 433, 438 (6th Cir. 2006) (*en banc*)).

A significant protection for government officials, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Kent v. Oakland Cty.*, 810 F.3d 384, 395 (6th Cir. 2016) (additional quotations and citations omitted). While the factual allegations against the individual named Defendants in this case are sparse as they are tangentially involved in these events, they certainly do not arise to the level of liability sufficient to defeat qualified immunity.

To overcome Defendants'-- Hoover, James, Nobles, Campbell, Huckleberry, Phan, Goodlett and Burbrink—entitlement to qualified immunity, Plaintiff must first show that each individual Defendant violated his constitutional rights. *Bouggess v. Mattingly*, 482 F.3d 886, 887 (6th Cir. 2007). Plaintiff has failed to set forth the requisite factual allegations of how each individual Defendant violated his constitutional right. While there are particular allegations stated

against Jaynes, Mattingly, Cosgrove and Hankison concerning their direct involvement in these events, there are only general averments with tenuous causation and collective responsibility asserted against the remaining individual defendants.

A pleading is deficient "if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Quite to the contrary, a plaintiff must allege facts stating a claim to relief that is "plausible on its face." *Id.*; *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Walker's complaint fails to plead detailed, plausible factual allegations in support of any count against these residual Defendants and as such, these Defendants should be dismissed.

Not only must there be a clear factual allegation of a constitutional violation against each Defendant, to defeat qualified immunity an "existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). The Sixth Circuit has taken this a step further, generally requiring the existing precedent to be within the Circuit as "[it] can't expect officers to keep track of persuasive authority from every one of our sister circuits." *Abdur-Rahim v. City of Columbus, Ohio*, 825 Fed. Appx. 284, 288 (6th Cir. 2020) (quoting *Ashford v. Raby*, 951 F.3d 798, 804 (6th Cir. 2020)).

Once again, Plaintiff fails to allege what precedent each Defendant was aware of which placed the constitutional violation beyond debate. As set forth in the allegations and case history, it was Jaynes who authored a sworn search warrant affidavit and presented the same to Judge Shaw, of the Jefferson County Circuit Court. Judge Shaw issued the search warrant for 3003

Springfield Drive, Apt. #4 and it was Mattingly, Cosgrove and Hankison who were involved in the events of serving that warrant which led to the Complaint. None of the Defendants in this motion were involved in any claims of excessive force and/or even present at the scene when the events took place. Rather, these remaining Defendants were primarily named due to their title or some tangential involvement. Accordingly, Plaintiff has failed to articulate a violation of a clearly established constitutional right by each individual which caused the harm alleged and the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter the attached Order dismissing Plaintiff's Complaint. Alternatively, Defendants request that this Court stay the federal action pending resolution of the parallel state action.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

 /s/ Kristie B. Walker
Kristie B. Walker
Assistant Jefferson County Attorneys
First Trust Centre
200 South Fifth Street, Suite 300N
Louisville, Kentucky 40202
Phone (502) 574-6333
Fax (502) 574-4215
Kristie.walker@louisvilleky.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  It is hereby certified that on May \_\_\_\_, 2021, the foregoing was electronically filed with the clerk of the court by using the ECF system which will send an electronic copy to all counsel of record.

                  /s/ Kristie B. Walker
                 Kristie B. Walker